IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRISTIAN ARMANDO MARTINEZ SISALEMA,

    Petitioner,

v.

PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; MARY DE ANDA-YBARRA, Director, El Paso Field Office, Immigration and Customs Enforcement; and GEORGE DEDOS, Warden of Torrance County Detention Facility,

    Respondents.

Case No. 1:26-cv-00267-MIS-SCY

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Cristian Armando Martinez Sisalema's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 4, 2026. Petitioner is a citizen of Ecuador who entered the United States without inspection in 2022. Id. ¶¶ 23-24. On January 6, 2026, Respondents detained Petitioner in Minnesota. Id. ¶ 25. He is currently being held in the custody of U.S. Immigration and Customs Enforcement at the Torrance County Detention Center in Estancia, New Mexico. Id. ¶ 29. Respondents are purporting to detain Petitioner pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A). Id. ¶ 20.

On February 4, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus ordering his immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). Id. at 20.

The record reflects that the Clerk's Office served Respondents with the Petition on February 4, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.

**IT IS HEREBY ORDERED** that within **ten (10) business days**, the United States Attorney's Office for the District of New Mexico shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted.  Respondents are reminded that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here. See Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026) (ordering immediate release); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026) (same); Order Granting Petition for Writ of Habeas Corpus, Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR (D.N.M. Feb. 2, 2026) (same); see also Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (ordering a bond hearing);  Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026) (same).  In making these rulings, the Court has joined the overwhelming majority of courts that have considered this issue and concluded that 8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry, rather than the mandatory detention provisions of § 1225(b)(2). See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); Barco Mercado v. Francis, __ F. Supp. 3d __, 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the

United States was rejected in over 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases). Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings. **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE